**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

JOSE ARIEL TAVERAS,

Plaintiff,

-against-

ALEXIS FURNITURE II INC., ALEXIS FURNITURE WEBSTER INC, ALEXIS FURNITURE USA INC, and ALEXIS ROSARIO,

Defendants.

------------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

Plaintiff, JOSE TAVERAS ("Plaintiff"), as and for his Complaint against Defendants, ALEXIS FURNITURE II INC. ("Alexis Furniture II"), ALEXIS FURNITURE WEBSTER INC ("Alexis Furniture Webster"), ALEXIS FURNITURE USA INC ("Alexis Furniture USA"), and ALEXIS ROSARIO ("Rosario") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Upon information and belief, Defendants own and operate a furniture company in the Bronx, New York.

2. Plaintiff worked for Defendants as a salesperson.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## PARTIES

4. Plaintiff is an adult male currently residing in the State of New York.

5. Upon information and belief, Alexis Furniture II is a domestic business corporation duly organized and existing under the laws of the State of New York.

6. Upon information and belief, Alexis Furniture Webster is a domestic business corporation duly organized and existing under the laws of the State of New York.

7. Upon information and belief, Alexis Furniture USA is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Rosario is an individual currently residing in the State of New York.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

10. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

12. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Defendant Alexis Furniture II Inc. ("Alexis Furniture II")

13. Upon information and belief, Alexis Furniture II maintains its principal place of business at 9 East 167th Street, Bronx, New York, 10452.

14. At all times relevant to this Complaint, Alexis Furniture II had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

15. At all times relevant to this Complaint, Alexis Furniture II had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

16. At all times relevant to this Complaint, Alexis Furniture II had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

17. Alexis Furniture II maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

18. At all times relevant to this Complaint, Alexis Furniture II was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Alexis Furniture Webster Inc ("Alexis Furniture Webster")**

19. Upon information and belief, Alexis Furniture Webster maintains its principal place of business at 1834 Webster Avenue, Bronx, New York 10457.

20. At all times relevant to this Complaint, Alexis Furniture Webster had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

21. At all times relevant to this Complaint, Alexis Furniture Webster had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

22. At all times relevant to this Complaint, Alexis Furniture Webster had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

23. Alexis Furniture Webster maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

24. At all times relevant to this Complaint, Alexis Furniture Webster was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Alexis Furniture USA Inc ("Alexis Furniture USA")**

25. Upon information and belief, Alexis Furniture USA maintains its principal place of business at 9 East 167th Street, Bronx, New York, 10452.

26. At all times relevant to this Complaint, Alexis Furniture USA had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

27. At all times relevant to this Complaint, Alexis Furniture USA had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

28. At all times relevant to this Complaint, Alexis Furniture USA had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

29. Alexis Furniture USA maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

30. At all times relevant to this Complaint, Alexis Furniture USA was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Alexis Rosario ("Rosario")**

31. At all relevant times of Plaintiff's employment with Defendants, Rosario was an individual engaged in business within this judicial district.

32. Upon information and belief, Rosario was and continues to be an owner, officer, director, shareholder, and/or managing agent of Alexis Furniture II, Alexis Furniture Webster, and Alexis Furniture USA (collectively, the "Corporate Defendants").

33. Upon information and belief, at all relevant times, Rosario participated in running the daily operations of Corporate Defendants.

34. Upon information and belief, at all relevant times, Rosario participated in the management and supervision of Plaintiff and his work for Corporate Defendants.

35. Upon information and belief, at all relevant times, Rosario exercised operational control over Corporate Defendants, controlled significant business functions of Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

36. Upon information and belief, Rosario participated in determining the wages and compensation of Corporate Defendants employees, establishing the schedules of their employees, maintaining their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiff.

37. Rosario participated in the decision to hire Plaintiff.

38. Rosario participated in deciding the job duties that Plaintiff performed.

39. Rosario participated in directing Plaintiff's job duties and responsibilities.

40. Rosario participated in the supervision of Plaintiff's job duties and responsibilities.

41. Rosario participated in deciding the manner in which Plaintiff was paid.

42. Rosario participated in deciding the compensation Plaintiff was paid.

43. Rosario was responsible for ensuring Plaintiff was paid properly.

44. At all times relevant to this Complaint, Rosario was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with Corporate Defendants.

**Defendants Constitute Joint Employers**

45. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

46. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

47. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

48. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Jose Ariel Taveras ("Plaintiff")**

49. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

50. Defendants employed Plaintiff as a salesperson for their benefit and at their direction.

51. Defendants employed Plaintiff from on or about March 13, 2021 until on or about June 28, 2024.

52. Defendants did not require Plaintiff to punch in and out of each of his shifts or otherwise track the number of hours he worked.

53. Therefore, upon information and belief, Defendants did not keep or maintain records reflecting the number of hours Plaintiff worked each day and week.

54. From on or about March 13, 2021 through in or about February 2024, Plaintiff worked Wednesday through Saturday from 10:00 a.m. until 8:00 p.m., and oftentimes as late as 10:00 p.m., and Sunday from 11:00 a.m. until 6:00 p.m., and oftentimes as late as 8:00 p.m.

55. During this time, Plaintiff worked at least forty-seven (47) hours per week.

56. From in or about March 2024 through the end of his employment, Plaintiff typically worked three (3) days per week, from Friday to Sunday, for approximately twenty-seven (27) hours per week.

57. During his employment, Defendants paid Plaintiff a daily rate of $120.00, regardless of the number of hours he worked, which is an hourly equivalent of $12.77 when he worked forty-seven (47) hours per week and $13.33 when he worked twenty-seven (27) hours per week.

58. In addition to his daily rate, Defendants agreed to pay Plaintiff commissions on the sales he made. Defendants agreed to pay Plaintiff his commissions once per month.

59. However, during his employment, Defendants oftentimes paid Plaintiff his earned commission less frequently than a monthly basis.

60. Beginning on December 31, 2018 the minimum wage rate in the Bronx, New York was $15.00 per hour.

61. Beginning on January 1, 2024 the minimum wage rate in the Bronx, New York was increased to $16.00 per hour.

62. Throughout his employment, including at least some weeks during which he earned commissions, Defendants did not pay Plaintiff in accordance with the New York State statutory minimum wage rate.

63. For example, for the week ending on June 8, 2024, Plaintiff earned $66.07 in commissions. Give his daily rate of $120.00 and his three (3)- day work schedule during this time, Plaintiff earned an hourly equivalent of $15.78, which was below the minimum wage rate.

64. For the week ending on June 15, 2024, Plaintiff earned $33.63 in commissions. Given his daily rate of $120.00 and his three (3)- day work schedule during this time, Plaintiff earned an hourly equivalent of $14.58, which was below the minimum wage rate.

65. Throughout Plaintiff's employment, Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

66. Defendants were aware of Plaintiff's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

67. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

68. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

69. Because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

70. Had Defendants provided such wage notices and statements, Plaintiff would have known that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week and could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

71. However, because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff could not rectify the situation, which resulted in his underpayment of wages.

72. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

73. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

74. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

75. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

77. Corporate Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in commerce or engaged in the production of goods for commerce.

78. At all times relevant to this Complaint, Corporate Defendants had two (2) or more employees handling goods or materials that have moved in interstate commerce, including Plaintiff.

79. Upon information and belief, the gross annual volume of sales made or business done by Corporate Defendants in each applicable year was not less than $500,000.00.

80. Corporate Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

81. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

82. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

83. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

84. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

85. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during their employment.

86. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

87. Defendants did not act in good faith with respect to the conduct alleged herein.

88. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

89. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

92. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

93. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

94. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

95. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

96. Defendants have not acted in good faith with respect to the conduct alleged herein.

97. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

98. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

99. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

100. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

101. As a result of Defendants' failure to provide Plaintiff with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for over three (3) years without knowledge of his correct overtime rate.

102. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation.

103. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b)

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

104. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

105. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

106. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

107. As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for over three (3) years without knowledge of his overtime rate and the number of hours for which he was paid each week.

108. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation

109. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

110. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

111. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

112. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

113. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

114. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 30, 2026

The NHG Law Group, P.C.

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com